IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Sanchez-Quinones et. al.**<br><br>*Plaintiffs,*<br><br>v.<br><br>**Hospital de La Concepción et. al.**<br>**Edwin Casiano-Santiago,**<br>*Defendants.* | CIVIL NO. 20-1546 (DRD) |

**Opinion and Order**

The instant case constitutes a medical malpractice suit arising from the injuries suffered by Ms. Vidalina Sanchez-Quiñones ("Ms. Sanchez-Quiñones") while seeking medical attention at the Policlinica Bernice Guerra de Sabana Grande, Hospital de La Concepción, and Hospital Metropolitano in San German. The plaintiffs, Ms. Sanchez-Quiñones, Verushka Nunez-Sanchez and Thamary Nunez-Sanchez, sued Policlinica Bernice Guerra de Sabana Grande, Hospital de La Concepción, Hospital Metropolitano, Triple S Propiedad Inc., CNA Insurance Company Inc., doctor Edwin Casiano-Santiago (hereinafter, "Dr. Casiano-Santiago"), doctor Heriberto Sanchez-Guzman, doctor Rosana Otaño-Lopez and other unknown insurance entities.

Ms. Sanchez-Quinones alleges that to this date, she "has not yet fully recovered from her medical condition." Docket No. 1 at pg. 7. For the damages suffered Ms. Sanchez-Quinones request damages in an amount no less than $250,000.00. Docket No. 1 at pg. 11. Plantiffs Verushka Nuñez Sánchez and Thamary Nuñez Sánchez allege they have suffered emotional pain and mental

anguishes. For the damages suffered each requested damages in an amount no less than $250,000.00. Dr. Casiano-Santiago moved for summary judgment pursuant to the immunity conferred by Article 4105 of the Puerto Rico Insurance Code. PR ST T. 26 § 4105.

For the reasons set below, the Court GRANTS Dr. Casiano-Santiago's *Motion for Summary Judgment.*

## I. Procedural Background

Pending before the Court is Dr. Casiano-Santiago's *Motion for Summary Judgment.* Dr. Casiano-Santiago alleges that Article 4105 of the Insurance Code of Puerto Rico provides immunity to doctors providing services at the Policlinica Bernice Guerra de Sabana Grande when they are sued for medical malpractice while in the performance of their duties. Docket No. 86. Plaintiffs opposed. (Docket No. 98) No replies were filed. Docket No. 159.

The Court notes the fact that Dr. Casiano-Santiago is the only remaining defendant in the instant case. On May 9, 2023, Notice of Voluntary Dismissal in favor of all defendants was filed by plaintiff Thamary Nunez-Sanchez. Docket No. 119. Partial judgment was entered dismissing the case with prejudice. Docket No. 122. Likewise, on May 9, 2023, Ms. Sanchez-Quinones and Verushka Nunez-Sanchez reached a confidential agreement with defendants Policlínica Bernice Guerra & Triple-S Propiedad, Inc. Docket No. 120. Partial judgment was entered dismissing the case with prejudice in favor of defendants. Docket No. 124. Plaintiffs further reached an agreement with Dr. Rosana Otaño-López,

therefore the case was dismissed as to that plaintiff as well. Docket No. 130 & 132. On May 18, 2023, the remaining plaintiffs and defendants were refereed to mediation before the Magistrate Judge Giselle López-Soler. Docket No. 129. A mediation hearing was held on June 26, 2023. Docket No. 156. According to the minutes, " [t]he parties engaged in meaningful settlement discussions and Plaintiffs reached settlements with Hospital de la Concepción, Hospital Metropolitano San Germán, and Heriberto Sánchez-Guzmán. Plaintiffs were unable to reach an agreement with Edwin Casiano-Santiago." Docket No. 156. Partial Judgment was entered on July 21, 2023. Docket No. 161.

## II. Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). Pursuant to the clear language of the rule, the moving party bears a two-fold burden: it must show that there is "no genuine issue as to any material facts;" as well as that it is "entitled to judgment as a matter of law." *Veda-Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 179 (1st Cir. 1997). "A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." *Johnson v. U. of P.R.*, 714 F.3d 48, 52 (1st Cir. 2013); *Prescott v. Higgins*, 538

F.3d 32, 40 (1st Cir. 2008) (citing *Thompson v. Coca–Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)); *Calero–Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The analysis with respect to whether or not a "genuine" issue exists is directly related to the burden of proof that a non-movant would have in a trial. "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (applying the summary judgment standard while taking into account a higher burden of proof for cases of defamation against a public figure). In order for a disputed fact to be considered "material" it must have the potential "to affect the outcome of the suit under governing law." *Sands v. Ridefilm Corp.*, 212 F.3d 657, 660–661 (1st Cir. 2000) (citing *Liberty Lobby, Inc.*, supra, at 247–248); *Prescott*, supra, at 40 (1st Cir. 2008) (citing *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The objective of the summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997) (citing the advisory committee note to the 1963 Amendment to Fed. R. Civ. P. 56(e)). The moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact on the record. See *DeNovellis v. Shalala*, supra, at 306. Upon a showing by the moving party of an absence of a genuine issue of material fact, the burden shifts to the nonmoving party to demonstrate that a trier of fact could reasonably find in his favor. *Id.* (citing *Celotex Corp. v. Catrett*, supra, at 323). The non-movant may not defeat a "properly focused motion for summary

4

judgment by relying upon mere allegations," but rather through definite and competent evidence. *Maldonado–Denis v. Castillo Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994). The non-movant's burden thus encompasses a showing of "at least one fact issue which is both 'genuine' and 'material.'" which affects the granting of a summary judgment. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990); see, also, *Suarez v. Pueblo Int'l.*, 229 F.3d 49, 53 (1st Cir. 2000) (stating that a non-movant may shut down a summary judgment motion only upon a showing that a trial- worthy issue exists). As a result, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, supra, at 477. Similarly, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 95 (1st Cir. 1996); *Tropigas De P.R. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011) ("We afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative.") (internal citations omitted); *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

When considering a motion for summary judgment, the Court must "draw all reasonable inferences in favor of the non-moving party while ignoring conclusory allegations, improbable inferences, and unsupported speculation." *Smith v. Jenkins*, 732 F.3d 51, 76 (1st Cir. 2013) (reiterating *Shafmaster v. United*

5

*States*, 707 F.3d 130, 135 (1st Cir. 2013)). However, while the Court "draw[s] all reasonable inferences in the light most favorable to [the non-moving party] ... we will not draw unreasonable inferences or credit bald assertions, empty conclusions or rank conjecture." *Vera v. McHugh*, 622 F.3d 17, 26 (1st Cir. 2010) (internal quotations and citation omitted).

Summary Judgment is also governed by Local Rule 56. Pursuant to said rule, a party opposing a motion for summary judgment shall "admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts. Unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by this rule." See, D.P.R. Civ. R. 56(c). Further, the Court will not consider hearsay statements or allegations presented by parties that do not adequately provide specific reference to the record. See, D.P.R. Civ. R. 56(e) ("The [C]ourt may disregard any statement of fact not supported by a specific citation to the record material properly considered on summary judgment. The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced."); See also Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001)(finding that, where a party fails to buttress factual issues with proper record citations, judgment against that party may be appropriate); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.").

Furthermore, the Court must review the record as a whole and refrain from engaging in the assessment of credibility or the gauging the weight of the evidence presented. See, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000); *Anderson v. Liberty Lobby, Inc.*, supra, at 255; see, also, *Pina v. Children's Place*, 740 F.3d 785, 802 (1st Cir. 2014). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, supra, at 150 (quoting *Anderson v. Liberty Lobby, Inc.*, supra, at 250–51).

Summarizing, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56 (a). Hence, in order to prevail, Defendants must demonstrate that, even admitting well-pleaded allegations in light most favorable to Plaintiffs, the applicable law compels a judgment in its favor. A fact is deemed "material" if the same "potentially affect[s] the suit's determination… issue concerning such a fact is 'genuine' if a reasonable fact finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Marrero v. Hosp. Hermanos Melendez, Inc.*, 253 F. Supp. 2d 179, 186 (D.P.R. 2003) (citations omitted)

### III. Discussion

The Medical-Hospital Professional Liability Insurance Act - Article 4105 of the Insurance Code of Puerto Rico, P.R. Laws Ann., Title 26, §4105 (2017) - provides in pertinent part, as follows:

> No healthcare professional (employee or contractor) may be included as defendants in a civil action of claim for damages for professional malpractice guilt or negligence caused in the performance of their profession, while said professional acts in the compliance of his duties and functions, including teaching, as employee of the Commonwealth of Puerto Rico, its dependencies, instrumentalities, the Comprehensive Cancer Center of the University of Puerto Rico and the municipalities[.]

Originally, Article 4105 of the Puerto Rico Insurance Code only covered doctors that were employees, not independent contractors, of public hospitals. Previous versions distinguished between employees and contractors, with contractors not immune from suit. *Rivera Rivera v. Rodriguez Mojica*, No.KLCE200901402, 2009 WL 5947352, at *3 (PR Court of Appeals Oct. 16, 2009)(citing *Flores Román v. Ramos González*, 127 D.P.R. 601, 607–608 (1990)). However, as it stands today, Article 4105 specifically states that it applies to healthcare professionals, sued for "negligence arising from malpractice committed in the practice of his/her profession" in the covered hospitals, notwithstanding whether the healthcare professional is an "employee or contractor." PR Laws Ann. tit. 26, § 4105 (2017).

The Puerto Rico Supreme Court has construed the Medical-Hospital Professional Liability Insurance Act as containing three fundamental requirements for immunity: (1) the individual must be a healthcare professional;

(2) the harm caused by his malpractice must have taken place in the practice of his profession; and (3) he must have acted in compliance with his duties and functions as an employee of the Commonwealth of Puerto Rico, its agencies, instrumentalities, and municipalities. *Flores Román v. Ramos González*, 127 D.P.R. 601, 606 (1990); see also *Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 31–32 (1st Cir. 1998). *Hall v. Centro Cardiovascular De P.R.*, 899 F.Supp. 2d 106, 117 (D.P.R. 2012). Even more, for the immunity provision to apply, the healthcare professional must have been employed by a qualifying government instrumentality at the time he committed negligent malpractice. *Frances–Colón v. Ramírez*, 107 F.3d 62, 64 (1st Cir. 1997).

Article 14 of the Puerto Rico Civil Code dictates that where a statutory text is "clear and free from all ambiguity" the court must abide by its literal interpretation. P.R. Laws Ann. tit. 31, § 14; see also, *Lasalle v. Junta Dir. A.C.A.A.*, 140 D.P.R. 694, 696 (1996)("When the letter of the law is clear and its language straightforward, free of all ambiguity, it cannot be interpreted as providing something the legislator did not intend to provide, as this would encroach upon the Legislature's functions.").

Article 4105 of the Puerto Rico Insurance Code leaves no room for interpretation. It specifically covers physicians under the immunity- whether they are employees or contractors of the municipality.

In *Kiara Nieves Vega v. Hospital San Antonio*, No. KLAN201600219, 2016 WL 3391541, at *6 (PR Court of Appeals, May 31, 2016), the Puerto Rico Court of Appeals affirmed the dismissal with prejudice of the claims filed against a

doctor performing services at Hospital San Antonio because he was protected by the immunity of Article 4105. In doing so, the court recognized the applicability of the immunity of Article 4105 to Hospital San Antonio (the hospital had a contract with the Municipality of Mayagüez to operate the facilities and/or installations). In another Commonwealth malpractice case, *Toro Troche v. Aviles Vazquez*, Civil No. ISCI201500285, Docket No. 198-7, the court dismissed the complaint as to one of the co-defendant doctors based on Article 4105. The court applied the criteria set forth in the statutory provision and found that the doctor had immunity because he performed his duties at a hospital operated by the Municipality of Mayaguez.

As the First Circuit has said, "the immunity afforded to state doctors is not a personal defense but rather the inexistence of a cause of action." *Kenyon v. Cedeno-Rivera*, 47 F.4th 12, 18 (1st Cir. 2022) (internal citations and quotations omitted).

Dr. Casiano-Santiago is a physician who treated Ms. Sanchez-Quiñones when she arrived at the emergency room of the Sabana Grande Bernice Guerra Municipal Hospital on May 2, 2019. Dr. Casiano-Santiago worked as a physician in the emergency room pursuant to a professional services agreement with the Municipality of San German. The agreement was in effect from August 1, 2018, until June 30, 2019. Docket No. 87-1 at Exhibit 1. Dr. Casiano-Santiago only treated Ms. Sanchez-Quinones on one occasion, on August 14, 2020. Therefore, at the time that Dr. Casiano-Santiago treated Ms. Sanchez-Quiñones, he was

covered by the professional services agreement with the Municipality of San German.

The allegations against Dr. Casiano-Santiago are that he failed to provide a proper medical assessment of the patient prior to providing his medical diagnosis. And that the patient was not provided a proper medical screening. Docket No. 1 at pg. 5.

Plaintiffs allege Dr. Casiano-Santiago is an independent contractor with the Municipality of Sabana Grande. They allege the "relationship between the physician and the government is tantamount in determining if the law applies or not. The interaction with the patient must be while acting as an employee of the government." Docket No. 98 at pg. 2. The Court does not agree with plaintiffs' interpretation.

This Court finds Dr. Casiano-Santiago has satisfied all three requirements for statutory immunity pursuant to § 4105. First, Dr. Casiano-Santiago is a medical professional. Second, the harm allegedly caused by Dr. Casiano-Santiago occurred during the practice of his medical profession. Third, he acted in compliance with his duties and functions as a contractor of the Sabana Grande Bernice Guerra Municipal Hospital. *See Hall,* at 117.

### IV. Conclusion

Therefore, the Court concludes that, Dr. Casiano-Santiago has demonstrated he has immunity under Article 4105 of the Insurance Code of

Puerto Rico. See P.R. Laws Ann. tit. 26, § 4105 (2017). Therefore, the Court GRANTS Dr. Casiano-Santiago's *Motion for Summary Judgment.*

IT IS SO ORDERED, ADJUDGED AND DECREED.

In San Juan, Puerto Rico, on this 18th day of September 2023.

**S/*Daniel R. Domínguez***
Daniel R. Domínguez
United States District Judge